CT Corporation

**Service of Process Transmittal**
08/02/2021
CT Log Number 540006140

TO: Leonard Wagner
Kansas City Southern
427 West 12th St.
Kansas City, MO 64105

RE: **Process Served in Texas**

FOR: The Kansas City Southern Railway Company  (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WAYNE JOHNSON, PLTF. vs. KANSAS CITY SOUTHERN RAILWAY COMPANY AND SPERRY RAIL, INC, DFTS. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified Case # 21DCV326209 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/02/2021 at 03:42 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/02/2021, Expected Purge Date: 08/07/2021 |
| | Image SOP |
| | Email Notification,  Leonard Wagner  lwagner@kcsouthern.com |
| | Email Notification,  Jack Elmore  jelmore@kcsouthern.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 1999 Bryan Street Suite 900 Dallas, TX 75201 |
| | 866-331-2303 CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Mon, Aug 2, 2021

**Server Name:**     Stephen Troutz

| Entity Served | THE KANSAS CITY SOUTHERN RAILWAY COMPANY |
|---|---|
| Case Number | 21DCV326209 |
| Jurisdiction | TX |



server: BOX 18

# THE STATE OF TEXAS
### CITATION
### Cause No. 21DCV326209

 COPY

To: **Kansas City Southern Railway Company**
**c/o CT Corporation System**
**1999 Bryan Street, Ste. 900**
**Dallas, TX 75201**
OR WHEREVER THEY MAY BE FOUND

**Defendant,** in the hereinafter styled and numbered cause:
You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR TRIAL BY JURY** at or before 10:00 a.m. on the first Monday following the expiration of twenty (20) days from the date of service hereof, with the clerk of the **146th Judicial District Court**, Bell County, Texas, to be held at the Bell County Justice Complex Building, District Courts in Belton, Texas, a copy of which accompanies this citation, in cause number **21DCV326209**, styled

**Wayne Johnson VS. Kansas City Southern Railway Company**

filed in the said court on **July 20, 2021**.

This was issued at the request of attorney: **RAYMOND L PANNETON   660 W FM 2410   HARKER HEIGHTS TX 76548**

NOTICE TO Defendant: *You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 AM on the first Monday following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.*

Witness, Joanna Staton, District Clerk of Bell County, Texas.

Issued and given under my hand and seal of said Court at office in Belton, Texas, on July 23, 2021.

**Joanna Staton**
**District Clerk**
Bell County, Texas
1201 Huey Road
P.O. Box 909
Belton, Texas 76513

By: _K. Simmons_, Deputy Clerk
K. Simmons

Rec'd 7/29/21 2:03p

## CITATION RETURN OF SERVICE
### Cause No. 21DCV326209

Wayne Johnson VS. Kansas City Southern Railway Company          146TH JUDICIAL DISTRICT COURT

ADDRESS FOR SERVICE:
**Kansas City Southern Railway Company**
**c/o CT Corporation System**
**1999 Bryan Street, Ste. 900**
**Dallas, TX 75201**
**OR WHEREVER THEY MAY BE FOUND**

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20___, at _____, o'clock ____.m., and
executed in _____ County, Texas by delivering to each of the within named defendants in person, a
true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the
PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR TRIAL BY JURY at the following times and places, to-wit:

**Name**                          **Date/Time**          **Place, Course and Distance from Courthouse**

_____          _____          _____

And not executed as to the defendant(s),_____

The diligence used in finding said defendant(s) being:_____
_____

and the cause or failure to execute this process is:_____
_____

and the information received as to the whereabouts of said defendant(s) being:_____
_____

**FEES:**                                              _____, Officer
Serving Petition and Copy        $ _____          _____, County, Texas
Total                            $ _____          By: _____, Deputy

                                                       _____
                                                                     Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with TRCP Rule 107; the officer or authorized person who serves, or attempts to serve, a citation shall sign
the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of
perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
                    (First, Middle, Last)
_____."
        (Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

                                                       _____
                                                       Declarant/Authorized Process Server

                                                       _____
                                                       (Id # & expiration of certification)

Filed 7/20/2021 10:10 AM
Joanna Staton, District Clerk
District Court - Bell County, TX
by Melissa Wallace , Deputy



Cause No. 21DCV326209

| | | |
|---|---|---|
| WAYNE JOHNSON,<br>PLAINTIFF, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 146th   JUDICIAL DISTRICT |
| KANSAS CITY SOUTHERN<br>RAILWAY COMPANY<br>AND<br>SPERRY RAIL, INC,<br>    DEFENDANTS. | §<br>§<br>§<br>§<br>§ | OF BELL COUNTY, TEXAS |

PLAINTIFF'S ORIGINAL PETITION AND
DEMAND FOR TRIAL BY JURY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Wayne Johnson, complaining of Kansas City Southern Railway Company and Sperry Rail, Inc., and for such cause of action would respectfully show the Court as follows:

I.

1.     Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under Level 3 (Rule 190.4 of the Texas Rules of Civil Procedure)

II.

2.     Plaintiff Wayne Johnson is an individual and resident of Bell County, Texas.

3.     Defendant Kanas City Southern Railway Company is a Foreign For-Profit Corporation registered to do business in the State of Texas. Defendant Kansas City Southern Railway Company can be served through its Registered Agent CT Corporation System, 1999 Bryan Street, Suite 900; Dallas, Texas 75201. *The Clerk is respectfully requested to issue citation*

1

*as to Defendant Kansas City Southern Railway Company so that it may be served and make an answer the allegations herein.*

4.     Defendant Sperry Rail, Inc. is a Foreign For-Profit Corporation registered to do business in the State of Texas. Defendant Sperry Rail, Inc can be served through its Registered Agent Cogency Global, Inc., 1601 Elm Street, Suite 4360; Dallas, Texas 75201. *The Clerk is respectfully requested to issue citation as to Defendant Sperry Rail, Inc. so that it may be served and make an answer the allegations herein.*

III.

5.     Venue is proper in Bell County, Texas, as it is the county where the Plaintiff resided when the action accrued pursuant to Texas Civil Practice and Remedies Code §15.002(a)(4).

6.     Plaintiff has suffered damage in excess of the jurisdictional minimum of this Court.

7.     Pursuant to 49 U.S.C. § 20106, this case is appropriately brought in state court rather than federal court. All allegations herein related to Defendants are based upon and should be interpreted as state causes of action seeking damages under state law for personal injury or property damage.

8.     The Texas long-arm statute allows Texas courts to exercise personal jurisdiction over the non-resident Defendants as both Defendants conduct business in the State of Texas. What is more, the Defendants have established minimum contacts with the State by purposefully availing themselves of the privilege of conducting activities in Texas and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.

IV.

9.     Consistent with Rule 47, Plaintiff seeks monetary relief over $1,000,000.00.

2

## V.

10.    On or about August 26, 2019, Mr. Johnson was the passenger in a Ford F-750 rail truck performing testing.  While performing this testing, Mr. Johnson's vehicle was struck from behind by a vehicle owned and operated by Defendant Kansas City Southern Rail Company.

11.    The driver of the vehicle which struck Mr. Johnson was an employee and/or agent of Defendant Kansas City Southern Railway Company and was acting within the course and scope of his employment

12.    The vehicle in which Mr. Johnson was a passenger in was owed and operated by Defendant Sperry Rail, Inc.  An employee and/or agent of Defendant Sperry Rail, Inc. was operating the vehicle at the time of the incident and was acting within the course and scope of his employment.

13.    Mr. Johnson was seriously injured as a result of the collision and Defendants' conduct.

14.    Plaintiff was totally free from any fault whatsoever in causing or contributing to the incident in question.

## VI.

**A    Negligence of Defendant Kansas City Southern Railway Company**

15.    Plaintiff hereby incorporates the foregoing as if fully set forth herein.

16.    Upon information and belief and all times relevant herein, the aforementioned incident was caused totally, solely, and/or concurrently through the negligence and/or fault of Defendants in the following non-exclusive particulars, to wit:

        a.  Operating a motor vehicle in an unsafe manner;

        b.  Inattentiveness;

        c.  Failure to maintain a proper lookout;

3

    d. Failure to yield;

    e. Careless operation of a motor vehicle;

    f. Failure to discharge any and all duties owed to a person in the capacity of Plaintiffs;

    g. Exceeding reasonable and safe operating times for an automobile;

    h. Violations of law, statutes, and/or regulations designed for the safety of the motoring public and/or their motor vehicles, including but not limited to:

        i. Failure to yield the right-of-way;

        ii. Failure to keep an assured clear distance;

        iii. Driving vehicle in willful or wanton disregard for the safety of persons or property

17. At all times material to this petition, Defendant's truck driver was an employee or agent of Defendant Kansas City Southern Railway Company. The acts of the truck driver fall within the course and scope of his employment with Defendant Kansas City Southern Railway Company. Kansas City Southern Railway Company is liable for the negligent acts and omissions of its employees under the doctrine of vicarious liability, or *respondeat superior*.

18. Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in damages.

19. Plaintiff's injuries resulted from Defendant's gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a)(3).

**B.    Negligence of Defendant Sperry Rail, Inc.**

20. Plaintiff hereby incorporates the foregoing as if fully set forth herein.

4

21.     Upon information and belief and all times relevant herein, the aforementioned incident was caused totally, solely, and/or concurrently through the negligence and/or fault of Defendants in the following non-exclusive particulars, to wit:

      a.   Operating a motor vehicle in an unsafe manner;

      b.   Inattentiveness;

      c.   Failure to maintain a proper lookout;

      d.   Careless operation of a motor vehicle;

      e.   Failure to discharge any and all duties owed to a person in the capacity of Plaintiffs;

      f.   Violations of law, statutes, and/or regulations designed for the safety of the motoring public and/or their motor vehicles, including but not limited to:

          i.   Failure to yield the right-of-way;

          ii.   Failure to keep an assured clear distance;

          iii.   Driving vehicle in willful or wanton disregard for the safety of persons or property.

      g.   Failure to exercise reasonable care for his passengers.

22.     At all times material to this petition, Defendant's truck driver was an employee or agent of Defendant Sperry Rail, Inc. The acts of the truck driver fall within the course and scope of his employment with Defendant Sperry Rail, Inc. Sperry Rail, Inc. is liable for the negligent acts and omissions of its employees under the doctrine of vicarious liability, or *respondeat superior*.

23.     Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in damages.

24.     Plaintiff's injuries resulted from Defendant's gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a)(3).

5

## VII.

25.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff Wayne Johnson was severely injured. Plaintiff suffered loss of economic and non-economic damages associated with his injuries. Plaintiff suffered damages as set froth below.

26.     As a direct, proximate, and producing result of the conduct of the Defendants, as described herein, Mr. Johnson suffered damages as follows:

   a.  Physical pain and mental anguish sustained in the past;

   b.  Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

   c.  Physical impairment sustained in the past;

   d.  Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

   e.  Medical care expenses sustained in the past;

   f.  Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

   g.  Loss of wage-earning capacity sustained in the past;

   h.  Loss of wage-earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

   i.  Loss of consortium;

   j.  Disfigurement sustained in the past; and,

   k.  Disfigurement that, in reasonable probability, Plaintiff will sustain in the future.

## VIII.

27.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby gives notice that all documents produced by Defendant will be used at any pre-trial proceeding and the trial of this case.

## IX.

28.    Plaintiffs request a trial by jury on all issues set forth herein.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing of this matter, and trial on the merits, judgment be entered for Plaintiff and against Defendants for compensatory damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs and expenses for attorneys, experts, costs of court, and for such and further relief, at law or in equity, both general and special, to which Plaintiff may be justly entitled.

Respectfully Submitted,

TED SMITH LAW GROUP, PLLC

/s/Raymond L. Panneton
RAYMOND L. PANNETON
SBOT: 24082079
ray@tedsmithlawgroup.com
TED SMITH, JR.
SBOT: 18753800
660 W. FM 2410
Harker Heights, Texas 76548
Tel: 254-690-5688
Fax: 254-690-5685
*ATTORNEYS FOR PLAINTIFF*

7